GLADNEY, Judge.
The petitioners, Anderson C. Warlick, Jr. and State Farm Mutual Automobile Insurance Company, seek recovery from Sybil J. Moore and Norfolk and Dedham Mutual Fire Insurance Company of damages arising from an intersectional automobile accident which occurred in Monroe, Louisiana, on the morning of February 21, 1961. Following a trial on the merits, the district judge rejected plaintiffs’ demands for failing to prove their case by a preponderance of the evidence, hence this appeal.
Warlick, who had parked his Studebaker automobile headed north on the east side of St. John Street, testified that he re-entered his car and drove north a distance of three parking meters spaces to the intersection of Grammont Street with St. John Street, at which time the semaphore light signaled red for traffic proceeding on St. John Street; that he waited until the light changed to green in his favor, and then proceeded into the intersection with the intention of turning to the right on Grammont Street, when his vehicle collided with a Plymouth automobile being driven by Carolyn J. Moore, minor daughter of the defendant, Sybil J. Moore. As a result of the accident he received personal injuries and his automobile insured by State Farm Mutual Automobile Insurance Company, was damaged.
Carolyn Moore testified that she was driving east on Grammont Street and when about the middle of the block, before arriving at the intersection of Grammont and St. John Streets, she observed that the traffic signal light was green toward her vehicle; that upon arriving at the pedestrians’ line across Grammont on the west side of St. John Street, she again glanced up at the semaphore light and it was still on green, and continued forward into the intersection; and at that time she observed Warlick’s car pulling out from the curb on the east side of St. John Street. She said she believed he was going to stop but he did not, and the collision occurred.
Counsel for both sides recognize that the testimony of Warlick and Carolyn J. Moore is irreconcilable. Efforts were made by the plaintiffs to support the testimony of War-lick with that of Mrs. Eunice Mecom. Likewise counsel for defendants presented as a witness, Mayor W. L. Howard, who was in the vicinity at the time of the accident. Neither of these witnesses saw the accident. Mrs. Mecom gave some testimony to the effect that the light was red to traffic proceeding on Grammont Street at or about the time of the occurrence of the accident. Her testimony is most confusing and was rejected by the trial judge as being unsatisfactory. The testimony of Mayor Howard was not really pertinent or relevant as to the signal light at the time of the collision. Accordingly, the trial court reached the conclusion that the evidence adduced by each side was evenly balanced, and concluded that plaintiffs had not sustained the burden of proof required to entitle them to recover.
We have examined the record and find that it fully supports the findings of the trial judge, and as we find no manifest error in his decision, it is affirmed at appellants’ cost.